IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:18-cv-00311 |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIAM GOLSON AND | ) | |
| MARYLIN GOLSON, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

### UNITED STATES OF AMERICA'S ORIGINAL COMPLAINT

The United States of America, pursuant to 31 U.S.C. § 3711(g)(4)(C), at the direction of

the Attorney General of the United States, or his delegate, and at the request of the Secretary of

the Treasury, or his delegate, files this Complaint against Defendants William Golson and

Marylin Golson ("the Golsons") to reduce to judgment and collect outstanding civil penalties

(31 U.S.C. § 5321(a)(5), commonly known as FBAR penalties) assessed against them for their

willful failure to timely report their financial interest in foreign bank accounts as required by

31 U.S.C. § 5314 and its implementing regulations, plus accrued interest on the assessed

penalties, late payment penalties and associated fees. Additionally, the United States intends to

proceed under the Federal Debt Collection Practices Act (28 U.S.C. § 3001 et seq.) to collect any

judgment it obtains in this case, including the use of all appropriate pre-judgment remedies, post-

judgment remedies and the additional surcharge as authorized by 28 U.S.C. § 3011. In support

hereof, the United States alleges as follows:

## JURISDICTION AND VENUE

1.      The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1345 and

1355 because this action arises under a federal statute for the recovery of a penalty, and the

United States is the Plaintiff.

2.      Venue is proper in this district under 28 U.S.C. §§ 124(d)(1) and 1391 because

the Golsons are United States citizens, with Marylin Golson having dual citizenship with the

United Kingdom. The Golsons live in Blanco, Texas. Alternatively, venue may be proper under

28 U.S.C. § 1395.

## THE GOLSONS' FAILURE TO TIMELY REPORT THEIR FINANCIAL INTEREST IN THEIR FOREIGN BANK ACCOUNTS

3.      31 U.S.C. § 5314 authorizes the Secretary of the Treasury to require United States

citizens to report certain transactions with foreign financial agencies. Under the statute's

implementing regulations, "[e]ach United States person having a financial interest in, or

signature authority over, a bank, securities, or other financial account in a foreign country shall

report such relationship" to the IRS for each year in which such relationship exists. 31 C.F.R.

§ 1010.350(a).

4.      To fulfill this requirement, a person must file a Form TD F 90-22.1, "Report of

Foreign Bank and Financial Accounts," commonly known as an "FBAR." *See id.* For the 2007,

2008 and 2009 years at issue, an FBAR was due by June 30 "of each calendar year with respect

to foreign financial accounts exceeding $10,000 maintained during the previous calendar year."

31 C.F.R. § 1010.306(c).[1]

---

[1] Beginning with the 2016 tax year, the due date of the FBAR form changed to April 15. Pub. L. No. 114-41, § 2006(b)(11).

*The Golsons' financial interest and signature authority in Swiss, United Kingdom and United, Isle of Mann Accounts.*

5.　During 2007, 2008, and 2009 the Golsons used several foreign financial bank accounts to conceal their income and assets outside of the United States.

6.　In approximately 1984, Mr. Golson caused Offshore Engineering Consultants, Ltd. ("OEC"), a Bahamian corporation to be formed.

7.　During all relevant times, OEC was a nominee corporation. Mr. Golson was the president, secretary and sole owner of OEC. OEC did not have any clients and did not perform any consulting business. OEC was wholly funded with Mr. Golson's personal funds.

8.　On or about May 30, 1984, Mr. Golson opened an account ("the Swiss Account"), ostensibly for OEC, at United Bank of Switzerland (UBS), a foreign bank based in Switzerland, over which he had signatory authority. The Swiss Account had an account number ending in 8651

9.　On or about April 18, 1985, William Golson granted his wife, Marilyn Golson, a power of attorney over the Swiss Account.

10.　UBS gives its clients the option to receive or not receive account statements.

11.　Defendant William Golson did not receive account statements from UBS.

12.　During 2007 and 2008, William Golson and Marilyn Golson had a financial interest in, beneficial interest, control and signatory authority over the Swiss Account.

13.　The Swiss Account had the following balances over time:

| Calendar Year | Highest balance during calendar year | Account Balance on June 30 following the calendar year |
|---|---|---|
| 2007 | $1,013,496.20 | $920,428 |
| 2008 | $875,368.15 | $0 |
| 2009 | $0 | $0 |

14. By letter dated November 17, 2008, Marilyn Golson directed UBS to close the Swiss Account.

15. During 2007-2009, Marilyn Golson had a financial interest in, beneficial interest, control and signatory authority over at least the following foreign bank accounts with Barclays Bank PLC ("Barclays"), having balances, and account numbers ending in the four digits, as shown in the table below:

| Acc.# | Highest Bal. 2007 | Balance 6/30/08 | Highest Bal. 2008 | Balance 6/30/09 | Highest Bal. 2009 | Balance 6/30/10 |
|-------|-------|-------|-------|-------|-------|-------|
| '3621 | $288,648 | $0 | $293,727 | $0 | $0 | $0 |
| '3474 | $60.56 | $60.21 | $60.21 | $914,205 | $914,205 | $0 |
| '7178 | $325,608 | $43,872 | $43,872 | $0 | $16,222 | $0 |
| '8855 | $186,769 | $132,465 | $914,907 | $847,991 | $1,741,511 | $1,741,511 |
| '4752 | | $245,905 | $245,905 | $211,577 | $211,577 | $119,369 |
| **Total:** | **$1,814,582** | **$1,342,730** | **$2,373,839** | **$1,973,773** | **$2,883,515** | **$1,860,880** |

16. The Barclays accounts ending in '3621, '7178 and '4752 are foreign accounts located in the United Kingdom while the accounts ending in '3474 and '8855, are foreign accounts located in the Isle of Mann, and serviced by Barclays Private Clients International Limited, which is registered in the Isle of Mann.

17. During 2005-2008, the Golsons earned taxable income from their foreign accounts as follows:

| Bank | Account | 2005 | 2006 | 2007 | 2008 | 2009 |
|------|---------|------|------|------|------|------|
| UBS | '8651 | $31,137.78 | $23,425 | $33,250 | $27,310.58 | |
| Barclays | '3621 | | | $3,282.18 | $4,252.23 | |
| Barclays | '3474 | | | $0.20 | $0.08 | $13,507.27 |
| Barclays | '7178 | | | $4,642.24 | $13.59 | |
| Barclays | '8855 | | | $1,052.98 | $5,424.03 | $18,056.86 |
| Barclays | '4752 | | | $ | $3,843.26 | $539.19 |
| **Total:** | | **$31,137.78** | **$23,425** | **$42,227.60** | **$40,843.77** | **$32,103.32** |

18.     As United States citizens, the Golsons were subject to taxation on their worldwide income, including the income listed in the preceding table.

19.     The Golsons were the beneficial owners of the Swiss Account, and Marilyn Golson was the beneficial owner of all the Barclays accounts.

20.     During years 2007 and 2008, the balance of the Swiss Account exceeded $10,000, triggering a duty on each of the Golsons to timely file an FBAR disclosing the Swiss Account.

21.     During 2009, the balances of many of the Barclays foreign bank accounts, including the '8855 Account, vastly exceeded $10,000, triggering a duty on Marilyn Golson to timely file an FBAR disclosing the '8855 Account.

**_The Golsons' failure to disclose their foreign bank accounts was willful._**

22.     In 2007 and 2008, the Golsons had a financial interest in, and signatory authority over the Swiss Account. Thus, on or before June 30, 2008 and June 30, 2009, the Golsons were each required to file FBARs reporting their interest in the Swiss Account, but they willfully did not.

23.     In 2009, Marilyn Golson had signatory authority over the foreign Barclays account ending in '8855. On or before June 30, 2010, Marilyn Golson was required to file an FBAR reporting her interest in the '8855 Barclays Account, but she willfully did not.

24.     On Schedule B, Part III Line 7a of the Golsons' 2007, 2008 and 2009 joint individual income tax returns (IRS Form 1040), signed under penalties of perjury, they both denied that they had any foreign bank accounts.

25.     The Golsons' foreign bank accounts generated income which should have been reported by the Golsons in the United States for each 2007, 2008 and 2009 as described in

paragraph 17, but the Golsons did not report any of this taxable income on their 2007, 2008 and 2009 income tax returns.

***The Golsons' 2007, 2008 and 2009 FBAR Penalty Assessments.***

26.     31 U.S.C. § 5321(a)(5) provides for the imposition of civil penalties for a willful failure to comply with the reporting requirements of Section 5314 – *i.e.* when the person(s) maintaining a foreign account fails to timely file an FBAR reporting that account despite having an obligation to do so. For violations involving the willful failure to report the existence of an account, the maximum amount of the penalty that may be assessed is 50% of the balance of the account at the time of the violation or $100,000, whichever is greater. 31 U.S.C. § 5321(a)(5)(C)(i).

27.     The IRS may also abate part of the FBAR penalty, such that the penalty imposed may be less that the 50% account-balance maximum.

28.     On August 10, 2016, due to William Golson's willful failure to timely file FBARs reporting his financial interest in the Swiss Account for 2007 and 2008, a delegate of the Treasury Secretary assessed penalties against him pursuant to 31 U.S.C. § 5321(a)(5), as follows (See **Exhibit 1**[2], Certified Transcript of Assessment for William Golson):

|  |  |
|---|---|
| Tax Year 2007 | $385,377 |
| Tax Year 2008 | $100,000 |
| **Total** | $485,377 |

29.     The $485,377 FBAR penalty owed by William Golson has accrued, and continues to accrue interest and penalties, until paid. The total FBAR penalty owed by William Golson

---

[2] Redactions have been made to all exhibits attached hereto, pursuant to Fed. R. Civ. P. 5.2.

with interest and penalties accrued through June 22, 2017 is $513,626.30 (See **Exhibit 2**,

Certified Transcript of Accruals for William Golson):

30.     On August 10, 2016, due to Marilyn Golson's willful failure to timely file FBARs

reporting her financial interest in the Swiss Account for 2008, and in the Barclays '8855 account

for 2009, a delegate of the Treasury Secretary assessed penalties against her pursuant to 31

U.S.C. § 5321(a)(5), as follows (See **Exhibit 3**, Certified Transcript of Assessment for Marilyn

Golson):

| | |
|---|---|
| Tax Year 2008 | $ 242,688 |
| Tax Year 2009 | $ 242,688 |
| Total | $485,376 |

31.     The $485,376 FBAR penalty owed by Marilyn Golson has accrued, and continues

to accrue interest and penalties, until paid. The total FBAR penalty owed by Marilyn Golson

with interest and penalties accrued through September 8, 2017, is $521,183.44 (see **Exhibit 4**,

Certified Transcript of Accruals for Marilyn Golson).

32.     The IRS assessments of the FBAR penalties against William Golson were timely.

Pursuant to 31 U.S.C. § 5321(b)(1), the statute of limitations on the assessment of an FBAR

penalty is six years from the date of the violation. The Form TD F 90-22.1, or FBAR, for the

2007 year was due on June 30, 2008. Thus, the last day for the assessment of the FBAR penalty

for 2007 would have been June 30, 2014. Similarly, the last day for the assessment of the FBAR

penalty for 2008 would have been June 30, 2015. The deadlines for these two assessments were

extended to June 30, 2017, with the consent of William Golson (see **Exhibit 5**). The FBAR

penalties for Mr. Golson for 2007 and 2008 were timely assessed on August 10, 2016, about

10 months before the extended deadline.

33.     The IRS assessments of the FBAR penalties against Marilyn Golson were timely. Pursuant to 31 U.S.C. § 5321(b)(1), the statute of limitations on the assessment of an FBAR penalty is six years from the date of the violation. The Form TD F 90-22.1, or FBAR, for the 2008 year was due on June 30, 2009. Thus, the last day for the assessment of the FBAR penalty for 2008 would have been June 30, 2015. Similarly, the last day for the assessment of the FBAR penalty for 2009 would have been June 30, 2016. The deadlines for these two assessments were extended to June 30, 2017, with the consent of Marilyn Golson (see **Exhibit 6**). The FBAR penalties for Mrs. Golson for 2008 and 2009 were timely assessed on August 10, 2016, about 10 months before the extended deadline.

34.     A delegate of the Treasury Secretary gave notice and demand of the penalty assessments for 2007 and 2008 to Mr. Golson (see **Exhibit 7**), and for 2008 and 2009 to Ms. Golson (see **Exhibit 8**).

35.     Despite the notice and demand for payment, the Golsons have failed to pay the FBAR penalties assessed against them. Therefore, interest and other statutory additions continue to accrue on the unpaid assessments.

36.     Furthermore, this suit is timely because it was commenced within two years of the assessment date. Pursuant to 31 U.S.C. § 5321(b)(2), a suit to reduce to judgment an FBAR assessment must be commenced within two years from the date of assessment. Thus, the United States had until August 10, 2018 to timely file this suit.

WHEREFORE, the United States of America requests as follows:

1. That the Court enter judgment in favor of the United States and against William Golson for his 2007 and 2008 FBAR penalty assessments in the aggregate amount of

$513,626.30 as of June 22, 2017, plus accruals and such other and further relief as the Court deems just and proper; and

2.  That the Court enter judgment in favor of the United States and against Marilyn Golson for her 2008 and 2009 FBAR penalty assessments in the aggregate amount of $521,183.44 as of September 8, 2017, plus accruals and such other and further relief as the Court deems just and proper; and

3.  That the United States shall recover a surcharge of 10% of the amount of the debt as authorized under 28 U.S.C. § 3011 in the event that it uses any of the pre-judgment or post-judgment debt collection remedies under 28 U.S.C. § 3101 et seq., and 28 U.S.C. § 3201 *et seq.*, respectively.

JOHN F. BASH
United States Attorney

/s/ Ignacio Perez de la Cruz
IGNACIO PEREZ DE LA CRUZ
State Bar No. 672618
CURTIS SMITH
Arizona Bar No. 026374
Attorneys, Tax Division
Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas  75201
(214) 880-9759 (Perez)
(214) 880-9754 (Curtis)
(214) 880-9742 (facsimile)
Ignacio. PerezdelaCruz@usdoj.gov
Curtis.Smith@usdoj.gov
ATTORNEYS FOR UNITED STATES



**United States** of America

**Department of the Treasury**
**Internal Revenue Service**

Date:  June 22, 2017

CERTIFICATE OF OFFICIAL RECORD

I certify that these are true copies of Form 13448, Penalty Assessment Certification (Title 31 – "FBAR") showing the FBAR penalty assessed William R. Golson on August 10, 2016 for $485,377.00.

under the custody of this office.

IN WITNESS WHEREOF, I have hereunto set my hand, and caused the seal of this office to be affixed, on the day and year first above written.

By direction of the Secretary of the Treasury:
Director, IRS Detroit Computing Center

By:  Leah Smith-Pope
Department Manager, CTR Operations

Catalog Number 19002E

**Government Exhibit**
1

Form 2866 (Rev. 09-97)

# Form 13448 Penalty Assessment Certification (Title 31 "FBAR")

Case Name:  WILLIAM R GOLSON          SSN/EIN:                  Calendar Year:          12/31/2007

Proposed Penalty:                                Foreign Account          Foreign Bank:
                                                 Number(s):

1. Willful Failure to Report - 31    $385,377.00          8651                UBS
USC 5321 (a)(5)

                                     $0.00

                                     $0.00

                                     $0.00

                                     $0.00

                                     $0.00

I certify that the penalty of the above classes and amounts, hereby assessed, are specified in supporting records, subject to such correction as subsequent inquiries and determinations in respect hereto may indicate to be proper.

*Beverly A Whitfield (Acting)*          **Wednesday, August 10, 2016**

CTR OPERATIONS DEPARTMENT MANAGER

Page 1 of 6

# Form 13448 Penalty Assessment Certification (Title 31 "FBAR")

**Case Name:** WILLIAM R GOLSON    **SSN/EIN:** [redacted]    **Calendar Year:** 12/31/2008

**Proposed Penalty:**    **Foreign Account Number(s):**    **Foreign Bank:**

| | | | |
|---|---|---|---|
| 1. Willful Failure to Report - 31 USC 5321 (a)(5) | $100,000.00 | [redacted]8651 | UBS |
| | $0.00 | | |
| | $0.00 | | |
| | $0.00 | | |
| | $0.00 | | |
| | $0.00 | | |

I certify that the penalty of the above classes and amounts, hereby assessed, are specified in supporting records, subject to such correction as subsequent inquiries and determinations in respect hereto may indicate to be proper.

*Beverly A Whitfield (Acting)*    Wednesday, August 10, 2016

**CTR OPERATIONS DEPARTMENT MANAGER**

Page 2 of 6



**United States**       of America

**Department of the Treasury**
**Internal Revenue Service**

Date:  June 22, 2017

CERTIFICATE OF OFFICIAL RECORD

I certify that the attached page is a true copy from the Department of Treasury's Bureau of Fiscal Service

FedDebt database system of summaries that show the outstanding balance for FBAR penalties that were

assessed (identified as "Principal"), a late-payment penalty as authorized by 31 U.S.C. § 3717(e)(2) and

31 CFR § 5.5(a) (Identified as "Penalty"), and accrued interest as of June 22, 2017 for William R.

Golson.

under the custody of this office.

IN WITNESS WHEREOF, I have hereunto set
my hand, and caused the seal of this office to be
affixed, on the day and year first above written.

By direction of the Secretary of the Treasury:
Director, IRS Detroit Computing Center

By:  Leah Smith-Pope
     Department Manager, CTR Operations

Catalog Number 19002E

**Government
Exhibit**
2

Form 2866 (Rev. 09-97)

## Case balance inquiry

Case ID: [_____] 918A     [ Refresh ]

As-of date: 6/22/2017 (mm/dd/yyyy)

Case ID: [____] **918A**
Original liability: **100%**
Original location: **BDMOC**
Debtor name: **WILLIAM R GOLSON**

As-of date: **6/22/2017**
Current liability: **%**
Current location: **20**

**Referred balance components**

| | |
|---|---|
| Principal: | **$485,377.00** |
| Interest: | **$0.00** |
| Admin cost: | **$0.00** |
| Penalty: | **$0.00** |
| Referred balance: | **$485,377.00** |

**Fees charged to debtor**

| | |
|---|---|
| DMS fee: | **$0.00** |
| PCA fee: | **$0.00** |
| PCA bonus fee: | **$0.00** |
| Total DOJ fees: | **$0.00** |
|     DOJ fee: | **$0.00** |
|     Court cost: | **$0.00** |
|     Private counsel fee: | **$0.00** |
| TOP fee: | **$77.00** |
| Debtor fees balance: | **$77.00** |

**As-of date balance components**

| | |
|---|---|
| Principal: | **$485,377.00** |
| Interest: | **$4,202.16** |
| Admin cost: | **$0.00** |
| Penalty: | **$24,047.14** |
| Adjusted balance: | **$513,626.30** |

**Total fees (actual plus potential)**

| | |
|---|---|
| DMS fee: | **$0.00** |
| PCA fee: | **$0.00** |
| PCA bonus fee: | **$0.00** |
| Total DOJ fees: | **$0.00** |
|     DOJ fee: | **$0.00** |
|     Court cost: | **$0.00** |
|     Private counsel fee: | **$0.00** |
| TOP fee: | **$77.00** |
| Total fees balance: | **$77.00** |

**Remaining potential fees**

| | |
|---|---|
| DMS fee: | **$0.00** |
| PCA fee: | **$0.00** |
| PCA bonus fee: | **$0.00** |
| DOJ fee: | **$0.00** |
| Potential fees balance: | **$0.00** |

**As-of date balance**     **$513,626.30**

**Total overage:**     **$0.00**

[ View debt balance ]   [ Exit ]

**United States**  **of America**

### Department of the Treasury
### Internal Revenue Service

Date:  September 8, 2017

CERTIFICATE OF OFFICIAL RECORD

I certify that these are true copies of Form 13448, Penalty Assessment Certification (Title 31 –

"FBAR") showing the FBAR penalty assessed Marilyn Golson on August 10, 2016 for $485,376.00.

under the custody of this office.

IN WITNESS WHEREOF, I have hereunto set
my hand, and caused the seal of this office to be
affixed, on the day and year first above written.

By direction of the Secretary of the Treasury:
Director, IRS Detroit Computing Center

By:   Leah Smith-Pope
        Department Manager, CTR Operations

**Government
Exhibit**

_____ 3 _____

Catalog Number 19002E

Form 2866 (Rev. 09-97)

# Form 13448 Penalty Assessment Certification (Title 31 "FBAR")

**Case Name:** MARILYN GOLSON

| | | | |
|---|---|---|---|
| | **SSN/EIN:** | **Calendar Year:** | 12/31/2008 |
| | **Foreign Account Number(s):** | **Foreign Bank:** | |

**Proposed Penalty:**

| | |
|---|---|
| 1. Willful Failure to Report - 31 USC 5321 (a)(5) | $242,688.00 |
| | 8651 | UBS |
| | $0.00 |
| | $0.00 |
| | $0.00 |
| | $0.00 |
| | $0.00 |

I certify that the penalty of the above classes and amounts, hereby assessed, are specified in supporting records, subject to such correction as subsequent inquiries and determinations in respect hereto may indicate to be proper.

*Beverly A. Westfield (acting)*

CTR OPERATIONS DEPARTMENT MANAGER

Wednesday, August 10, 2016

28344

# Form 13448 Penalty Assessment Certification (Title 31 "FBAR")

**Case Name:** MARILYN GOLSON

| | | **SSN/EIN:** 464392500 | **Calendar Year:** | 12/31/2009 |
|---|---|---|---|---|

**Proposed Penalty:**

| | | **Foreign Account Number(s):** | **Foreign Bank:** |
|---|---|---|---|
| 1. Willful Failure to Report - 31 USC 5321 (a)(5) | $242,688.00 | 3855 | BARCLAYS |
| | $0.00 | | |
| | $0.00 | | |
| | $0.00 | | |
| | $0.00 | | |

I certify that the penalty of the above classes and amounts, hereby assessed, are specified in supporting records, subject to such correction as subsequent inquiries and determinations in respect hereto may indicate to be proper.

_Beverly A Whitehill (acting)_ _____ **Wednesday, August 10, 2016**

CTR OPERATIONS DEPARTMENT MANAGER

28347

**United States**  **of America**

### Department of the Treasury
### Internal Revenue Service

Date:  September 8, 2017

CERTIFICATE OF OFFICIAL RECORD

I certify that the attached page is a true copy from the Department of Treasury's Bureau of Fiscal Service

FedDebt database system of summaries that show the outstanding balance for FBAR penalties that were

assessed (identified as "Principal"), a late-payment penalty as authorized by 31 U.S.C. § 3717(e)(2) and

31 CFR § 5.5(a) (Identified as "Penalty"), and accrued interest as of September 8, 2017 for Marilyn

Golson. _____

under the custody of this office.

IN WITNESS WHEREOF, I have hereunto set
my hand, and caused the seal of this office to be
affixed, on the day and year first above written.

By direction of the Secretary of the Treasury:
Director, IRS Detroit Computing Center

By:   Leah Smith-Pope
      Department Manager, CTR Operations

**Government
Exhibit**

4

Catalog Number 19002E

Form 2866 (Rev. 09-97)

## FedDebt: Financial processing
## Case balance inquiry

Case ID: _____ 781A

**Refresh**

As-of date: 09/08/2017 (mm/dd/yyyy)

Case ID: _____ **781A**
Original liability: **100%**
Original location: **BDMOC**
Debtor name: **MARILYN GOLSON**

As-of date: **09/08/2017**
Current liability: **%**
Current location: **20**

**Referred balance components**

| | |
|---|---|
| Principal: | $485,376.00 |
| Interest: | $0.00 |
| Admin cost: | $0.00 |
| Penalty: | $0.00 |
| Referred balance: | $485,376.00 |

**Fees charged to debtor**

| | |
|---|---|
| DMS fee: | $0.00 |
| PCA fee: | $0.00 |
| PCA bonus fee: | $0.00 |
| Total DOJ fees: | $0.00 |
|    DOJ fee: | $0.00 |
|    Court cost: | $0.00 |
|    Private counsel fee: | $0.00 |
| TOP fee: | $105.00 |
| Debtor fees balance: | $105.00 |

**As-of date balance components**

| | |
|---|---|
| Principal: | $485,376.00 |
| Interest: | $5,239.39 |
| Admin cost: | $0.00 |
| Penalty: | $30,568.05 |
| Adjusted balance: | $521,183.44 |

**Total fees (actual plus potential)**

| | |
|---|---|
| DMS fee: | $0.00 |
| PCA fee: | $0.00 |
| PCA bonus fee: | $0.00 |
| Total DOJ fees: | $0.00 |
|    DOJ fee: | $0.00 |
|    Court cost: | $0.00 |
|    Private counsel fee: | $0.00 |
| TOP fee: | $105.00 |
| Total fees balance: | $105.00 |

**Remaining potential fees**

| | |
|---|---|
| DMS fee: | $0.00 |
| PCA fee: | $0.00 |
| PCA bonus fee: | $0.00 |
| DOJ fee: | $0.00 |
| Potential fees balance: | $0.00 |

**As-of date balance**     $521,183.44

**Total overage:**     $0.00

**View debt balance**     **Exit**

# CONSENT TO EXTEND THE TIME TO
# ASSESS CIVIL PENALTIES PROVIDED BY
# 31 U.S.C. § 5321 FOR FBAR VIOLATIONS

**WHEREAS,** the parties to this agreement desire to extend the time during which the penalties provided by 31 U.S.C. 5321 may be assessed and collected,

**WHEREAS,** the parties to this agreement are aware that they have the right to refuse to sign this consent,

William R. Golson
(name and taxpayer identification number)

United States person, of _____, Blanco, TX, 78606-4867
(address)

and the Commissioner of the Internal Revenue Service, hereby agree and consent to the following:

(1)  For violations with respect to the requirement, established under 31 U.S.C. 5314, for a United States person to report having a financial interest in or signature authority, or other authority, over a financial account during the calendar years _____ 12-31-2007 and 12-31-2008 that was maintained with a financial institution located in a foreign country, the amount of any penalty provided by 31 U.S.C. 5321 may be assessed at any time on or before _____ 6-30-2017 _____.

(2)  This consent does not reduce, waive, or extend any period of limitation under 26 U.S.C. 6501 for assessing or collecting tax.  This consent also does not supersede or amend any other agreement between the United States person and the Internal Revenue Service.

Date
3/22/16

Signature of the United States Person
*William R. Golson*

Date

Signature of Authorized Representative

Date
4/1/2016

Signature of the Commissioner's Delegate
*Kimothy E. _____*
*Appeals Officer*
Title

**Government Exhibit**

5

# CONSENT TO EXTEND THE TIME TO
# ASSESS CIVIL PENALTIES PROVIDED BY
# 31 U.S.C. § 5321 FOR FBAR VIOLATIONS

**WHEREAS,** the parties to this agreement desire to extend the time during which the penalties provided by 31 U.S.C. 5321 may be assessed and collected,

**WHEREAS,** the parties to this agreement are aware that they have the right to refuse to sign this consent,

Marilyn Golson
(name and taxpayer identification number)

United States person, of _____ Blanco, TX, 78606-4867 _____
(address)

and the Commissioner of the Internal Revenue Service, hereby agree and consent to the following:

(1)  For violations with respect to the requirement, established under 31 U.S.C. 5314, for a United States person to report having a financial interest in or signature authority, or other authority, over a financial account during the calendar years _____ 12-31-2008 and 12-31-2009 _____ that was maintained with a financial institution located in a foreign country, the amount of any penalty provided by 31 U.S.C. 5321 may be assessed at any time on or before _____ 6-30-2017 _____.

(2)  This consent does not reduce, waive, or extend any period of limitation under 26 U.S.C. 6501 for assessing or collecting tax.  This consent also does not supersede or amend any other agreement between the United States person and the Internal Revenue Service.

Date  22/3/2016

Signature of the United States Person

Date

Signature of Authorized Representative

Date  4/1/2016

Signature of the Commissioner's Delegate

Appeals officer
Title

**Government Exhibit**

6



**Department of the Treasury**
**Internal Revenue Service**

Appeals Determination

| | |
|---|---|
| **Date:** | |
| | August 10, 2016 |
| **Taxpayer ID number:** | |
| | |
| **Form:** | |
| | TD F 90-22.1 |
| **Calendar year(s):** | |
| | 2007, 2008 |

William R. Golson

Blanco, TX  78606-4687

**Person to contact:**
 N. Beasley
**Contact telephone number:**
 313/234-1611
**Employee ID number:**
 258949

Dear  William R. Golson;

**Why we are sending you this letter**
This letter is to demand payment of the Report of Foreign Bank and Financial Accounts (FBAR) penalty assessed to you  08/10/2016, under section 5321(a)(5) or 5321(a)(6) of Title 31 of the U.S. Code. You previously received Letter 3709 explaining the reasons you owe this amount and how the penalty assessment applies to the facts and circumstances of your case.

**Account summary**

| Calendar Year(s): | Current Balance: |
|---|---|
| 12/31/2007 | 385,377.00 |
| 12/31/2008 | 100,000.00 |
| | |
| Total: | 485,377.00 |

**Payment instructions**
Within 30 days after the date of this letter, send a check or money order payable to the United States Treasury for the amount designated above. Include the following information on your check:

1.) FBAR (Report of Foreign Bank and Financial Accounts),
2.) Calendar year, and
3.) Social security number or employee identification number. Mail your payment to the following address:

Internal Revenue Service
Detroit Computing Center
P. O.  BOX 33115
Detroit, MI  48232-0115

**Government**
**Exhibit**

7

**Letter 3708 (Rev. 5-2013)**
Catalog Number 36613F

If you can't pay the amount in full within 30 days from the date of this letter, send what you can pay. If you want to apply for an installment agreement to make monthly payments on the amount due, let us know in writing with your payment. We will forward your request to pay in installments to the Department of Treasury's Financial Management Service for processing. If you pay in installments, you will be charged interest at the rate of   1   % per year and an additional debt servicing fee of approximately 18% of the penalty amount.

**Interest and penalties**
If you don't pay the amount owed in full within 30 days from the date of this letter, you will incur interest charges and a late payment penalty.

In accordance with 31 U.S.C. § 3717(a)-(d), interest will accrue at the rate of   1   % per year. Interest will begin to be charged as of the date of this letter if payment isn't received within 30 days. No interest will be charged if payment is received within 30 days from the date of this letter.

In accordance with 31 U.S.C. § 3717(e)(2), a late payment penalty charge of 6% each year will be assessed on any portion of the penalty that remains unpaid 90 days from the date of this letter.

Interest and penalties will be charged unless excused in accordance with 31 C.F.R. § 5.5.

**Collection costs**
In accordance with 31 U.S.C. § 3717(e)(1), if you don't pay the penalty in full within 30 days after the date of this letter, you may also be liable for additional costs associated with processing and handling a delinquent debt. See the section below on "Collection enforcement action" for more information about these additional costs.

**Collection enforcement action**
If you fail to remit payment within 30 days after the date of this letter, any of the following actions may be taken to enforce collection, which may result in additional costs to you:

- Referral to the Department of Justice to initiate litigation against you.
- Referral to the Department of the Treasury's Financial Management Service. (This referral involves an additional debt-servicing fee that is approximately 18% of the balance due.)
- Referral to private collection agencies. (Referral to a private collection agency increases the additional debt-servicing fee from approximately 18% to 28% of the balance due.)
- Offset of federal payments such as income tax refunds and certain benefit payments such as social security.
- Administrative wage garnishment.
- Revocation or suspension of federal licenses, permits or privileges.
- Ineligibility for federal loans, loan insurance or guarantees.

**Contesting the penalty assessment**
If you didn't request an administrative review of the penalty proposed in Letter 3709, or if new situations have occurred since your administrative review, you may still request a hearing in our Appeals Office. The hearing must be requested in writing, within 30 days from the date of this letter, by following the requirements provided in Letter 3709.

Mail your request to the following address:

> Internal Revenue Service
> Detroit Computing Center
> P. O.  BOX 33113
> Detroit, MI  48232-0113

At the hearing, you may present any evidence to show you don't owe the debt, that the debt isn't delinquent, or that it isn't legally enforceable.

Besides this administrative review, if you want to try to recover FBAR penalties previously paid, you may be able to sue in the United States District Court or the United States Court of Federal Claims. For more information about filing suit in federal court, contact the clerk of your U.S. District Court or the U.S. Court of Federal Claims.

If you have questions, you can contact the person identified in the heading of this letter.

Thank you for your cooperation.

Sincerely,

*Beverly A Whitfield (for)*

Leah Smith-Pope
CTR Operations Department Manager

Enclosures:
Envelope
Copy of this Notice



**Department of the Treasury
Internal Revenue Service**

Appeals Determination

Marilyn Golson

Blanco, TX  78606-4687

Date:
August 10, 2016

Taxpayer ID number:

Form:
TD F 90-22.1

Calendar year(s):
2008, 2009

Person to contact:
N. Beasley

Contact telephone number:
313/234-1611

Employee ID number:
258949

Dear Marilyn Golson;

**Why we are sending you this letter**

This letter is to demand payment of the Report of Foreign Bank and Financial Accounts (FBAR) penalty assessed to you 08/10/2016, under section 5321(a)(5) or 5321(a)(6) of Title 31 of the U.S. Code. You previously received Letter 3709 explaining the reasons you owe this amount and how the penalty assessment applies to the facts and circumstances of your case.

**Account summary**

| Calendar Year(s): | Current Balance: |
|---|---|
| 12/31/2008 | 242,688.00 |
| 12/31/2009 | 242,688.00 |
| Total: | 485,376.00 |

**Payment instructions**

Within 30 days after the date of this letter, send a check or money order payable to the United States Treasury for the amount designated above. Include the following information on your check:

1.) FBAR (Report of Foreign Bank and Financial Accounts),
2.) Calendar year, and
3.) Social security number or employee identification number. Mail your payment to the following address:

Internal Revenue Service
Detroit Computing Center
P. O.  BOX 33115
Detroit, MI  48232-0115

**Government
Exhibit**

8

**Letter 3708 (Rev. 5-2013)**
Catalog Number 36613F

If you can't pay the amount in full within 30 days from the date of this letter, send what you can pay. If you want to apply for an installment agreement to make monthly payments on the amount due, let us know in writing with your payment. We will forward your request to pay in installments to the Department of Treasury's Financial Management Service for processing. If you pay in installments, you will be charged interest at the rate of    1    % per year and an additional debt servicing fee of approximately 18% of the penalty amount.

**Interest and penalties**
If you don't pay the amount owed in full within 30 days from the date of this letter, you will incur interest charges and a late payment penalty.

In accordance with 31 U.S.C. § 3717(a)-(d), interest will accrue at the rate of    1    % per year. Interest will begin to be charged as of the date of this letter if payment isn't received within 30 days. No interest will be charged if payment is received within 30 days from the date of this letter.

In accordance with 31 U.S.C. § 3717(e)(2), a late payment penalty charge of 6% each year will be assessed on any portion of the penalty that remains unpaid 90 days from the date of this letter.

Interest and penalties will be charged unless excused in accordance with 31 C.F.R. § 5.5.

**Collection costs**
In accordance with 31 U.S.C. § 3717(e)(1), if you don't pay the penalty in full within 30 days after the date of this letter, you may also be liable for additional costs associated with processing and handling a delinquent debt. See the section below on "Collection enforcement action" for more information about these additional costs.

**Collection enforcement action**
If you fail to remit payment within 30 days after the date of this letter, any of the following actions may be taken to enforce collection, which may result in additional costs to you:

- Referral to the Department of Justice to initiate litigation against you.
- Referral to the Department of the Treasury's Financial Management Service. (This referral involves an additional debt-servicing fee that is approximately 18% of the balance due.)
- Referral to private collection agencies. (Referral to a private collection agency increases the additional debt-servicing fee from approximately 18% to 28% of the balance due.)
- Offset of federal payments such as income tax refunds and certain benefit payments such as social security.
- Administrative wage garnishment.
- Revocation or suspension of federal licenses, permits or privileges.
- Ineligibility for federal loans, loan insurance or guarantees.

**Contesting the penalty assessment**
If you didn't request an administrative review of the penalty proposed in Letter 3709, or if new situations have occurred since your administrative review, you may still request a hearing in our Appeals Office. The hearing must be requested in writing, within 30 days from the date of this letter, by following the requirements provided in Letter 3709.

Mail your request to the following address:

> Internal Revenue Service
> Detroit Computing Center
> P. O.  BOX 33113
> Detroit, MI  48232-0113

At the hearing, you may present any evidence to show you don't owe the debt, that the debt isn't delinquent, or that it isn't legally enforceable.

Besides this administrative review, if you want to try to recover FBAR penalties previously paid, you may be able to sue in the United States District Court or the United States Court of Federal Claims. For more information about filing suit in federal court, contact the clerk of your U.S. District Court or the U.S. Court of Federal Claims.

If you have questions, you can contact the person identified in the heading of this letter.

Thank you for your cooperation.

Sincerely,

*Beverly A Whitfield (for)*

Leah Smith-Pope
CTR Operations Department Manager

Enclosures:
Envelope
Copy of this Notice

**Internal Revenue Service**
*CTR Operations Department Manager*

**Department of the Treasury**

**Date:** August 10, 2016

Mary E. Wood
901 Main St., Ste. 3700
Dallas, TX  75202

**Person to Contact:**
  Nancy Beasley

**Contact Identification Number**
  258948

**Contact Telephone Number:**
  (313) 234-1611

**Hours:**
  7:00 am - 3:30 pm est.

Dear Mary E. Wood

    We are sending you the enclosed material under the provisions of a power of attorney or other authorization you have on file with us.  For your convenience, we have listed below the name(s) of the taxpayer(s) to whom this material relates.

    If you have any questions, please contact the person whose name and telephone number are shown above.

Sincerely yours,

*Beverly A Whitfield*

*for*

Leah Smith-Pope
CTR Operations Department Manager

Enclosures:
☒ Letter
☐ Reports
☐

Taxpayer(s) Name(s):  Marilyn Golson

**Letter 937 (SC) (Rev. 11-1992)**
Cat. No. 40384Z

JS 44 (Rev. 06/17) - TXND (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

### DEFENDANTS
WILLIAM GOLSON AND MARYLIN GOLSON

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Blanco
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Attorney for U.S.: Ignacio Perez de la Cruz, U.S. Department of Justice/Tax Division, 717 N. Harwood Street, Suite 400, Dallas, Texas 75201, Telephone No.: (214) 880-9759

Attorneys *(If Known)*
Please see attached sheet.

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1   U.S. Government Plaintiff

☐ 3   Federal Question
     *(U.S. Government Not a Party)*

☐ 2   U.S. Government Defendant

☐ 4   Diversity
     *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☒ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from Another District *(specify)*    ☐ 6 Multidistrict Litigation - Transfer    ☐ 8 Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Sections 3001 et seq.
Brief description of cause:
Reduce to judgment and collect outstanding civil penalties, commonly known as FBAR penalties.

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $   770,754.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

### VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE   04/13/2017

SIGNATURE OF ATTORNEY OF RECORD
Ignacio Perez de la Cruz

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**   **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**   **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**   **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If a related case exists, whether pending or closed, insert the docket numbers and the corresponding judge names for such cases. A case is related to this filing if the case: 1) involves some or all of the same parties and is based on the same or similar claim; 2) involves the same property, transaction, or event; 3) involves substantially similar issues of law and fact; and/or 4) involves the same estate in a bankruptcy appeal.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.